E-FILED
Friday, 31 August, 2007  03:19:40 PM
Clerk, U.S. District Court, ILCD

FILED
AUG 3 1 2007
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-10051 |
| ) | |
| ROOSEVELT LAWSON, ) | |
| ) | |
| Defendant. ) | |

## O R D E R

An evidentiary hearing on Defendant's Motion to Suppress Evidence (#10) was heard on July 5, 2007, at which time the Court heard the testimony of the several police officers who were involved in the arrest and search of Defendant's vehicle. Defendant did not testify at the hearing, however, the hearing was continued over to August 31, 2007, for further hearing and briefing of legal issues by counsel. For the reasons that follow, the Motion to Suppress is denied.

On February 1, 2007, Peoria police had a search warrant for Cornell Lawson, a suspected drug dealer, and his resident at 2409 N. Flora, Peoria, Illinois. While surveilling the house, the police saw a Chevrolet Suburban automobile they associated with Cornell Lawson leave the residence. Under the mistaken belief that Cornell Lawson was driving, the car was followed to Kim's Oriental Shop, a place believed to be a drug dealing site, where the police observed the driver of the Chevrolet Suburban approach and enter the front passenger seat of a second car (a Monte Carlo) that arrived on the scene in what the police perceived as a drug transaction in progress. Believing that a drug transaction was

going down, the police converged on the second car, effectively preventing it from leaving its parked location. The front seat passenger was discovered to be Defendant Roosevelt Lawson, the brother of Cornell Lawson, who was observed holding a bag of marijuana and U.S. currency in his right hand. The driver of the car, Quinten Stanley, was found to have more than thirty (30) grams of marijuana stuffed in his underwear.

Defendant was searched and arrested at the scene and taken to the police station for questioning. The two vehicles were driven from the scene by the police to the police station where they were later searched after the search warrant had been executed at the Flora Street residence. A loaded 9 mm Fratelli Tanfoglio pistol and $3,890.00 cash currency were found hidden under the cup holder in the center console of the Suburban automobile. This pistol is the subject of the weapons charge against Defendant.

Around 11:00 P.M. that evening, Defendant was first interrogated by the police at the police station where he had been kept since his arrest that noon. Officer Duncan testified that before commencing his interrogation of Defendant, he advised him of his *Miranda* rights and Defendant agreed to talk and made certain admissions with regard to the firearm. Officer Duncan testified that at no time did Defendant refuse to talk or express a desire to consult with or have an attorney present during the interrogation. On cross-examination, Officer Duncan denied that Defendant ever mentioned the word "attorney" or the name of any attorney.

Defendant wishes to suppress all physical evidence seized from "his motor vehicle" by the police on February 1st and all

statements allegedly made by him to Officers Duncan and Dixon at the police station.  Defendant claims that the seizure of the firearm was without a warrant or his consent and without probable cause to believe that "the Defendant's motor vehicle" contained contraband thereby justifying the seizure.  Additionally, the search of the Suburban automobile was not conducted pursuant to a valid inventory search policy of the Illinois State Police, nor was it conducted as a valid search incident to a lawful custodial arrest.  Defendant argues that prior to his interrogation by the police, he was not advised of his *Miranda* rights, and several times during the interrogation he advised Officers Duncan and Dixon that he wished to speak with his attorney, Mr. Dorian Lasaine, but his express and unequivocal requests were disregarded.  Defendant further argues that any oral statements given by him were involuntary and in violation of his rights under the Fifth Amendment to the United States Constitution.  And finally, Defendant argues that the physical evidence seized and all of his alleged oral statements were the fruits of the unlawful stop, seizure, and prolonged detention of Defendant and unlawful search of his automobile and must be suppressed.

## LEGAL ANALYSIS

At the start of the evidentiary hearing on July 5, 2007, the Government conceded that it was not claiming that the seizure of the firearm was incident to the arrest of Defendant at Kim's Oriental Shop since that would require "some type of contemporaneous issue."  Instead, the Government contends that the subsequent search of the Suburban automobile is permissible in

connection with the removal of contraband from Defendant who was an occupant of the vehicle without regard to the contemporaneousness of the search, citing <u>United States v. Johnson</u>, 383 R.3d 538, 545 (7th Cir. 2004) which relied upon <u>Carroll v. United States</u>, 267 U.S. 132 (1925) for the proposition that ". . . a vehicle may be searched without a warrant if there is probable cause to believe it contains contraband or evidence of a crime, and this type of search "lawfully extends to all parts of the vehicle in which contraband or evidence could be concealed, including closed compartments and trunks." In <u>Johnson</u>, the defendant's car was stopped unlawfully since there were no basis for the *Terry* stop, however, an outstanding arrest warrant for the defendant authorized the police to search the vehicle incident to the arrest on the warrant and upon finding a suspected controlled substance (cocaine) on the defendant, the police were authorized to make a full search of the vehicle for other contraband. The discovery and seizure of a firearm found in the trunk of the vehicle was lawful since the discovery of the controlled substance on defendant's person gave the police officers probable cause to search the entire vehicle. In <u>Johnson</u>, the trial judge also held that the weapon was admissible on another basis: it would inevitably have been discovered during the required inventory search of the vehicle and its contents once the car was taken into protective custody. <u>See United States v. Wimbash</u>, 337 F.3d 947, 950-51 (7th Cir. 2003).

In our case, the stop of the car in which Defendant was a passenger and the temporary seizure of Defendant was justified by the arrest warrant for Defendant's brother whom the police had

4

reason to believe was the occupant. Additionally, the police had a reasonable suspicion that a drug deal was going down and were certainly justified in checking out their suspicion under <u>Terry v. Ohio</u>, 392 U.S. 1 (1968). Once the police observed what they thought was a controlled substance in Defendant's hand, they had probable cause to arrest Defendant and to make a contemporaneous search of the vehicle. The police also had probable cause under <u>United States v. Johnson</u>, to make a full search of the vehicle for other contraband which was done at the police station.

Whether or not statements made by Defendant during his interrogation later that evening are admissible will depend upon whether or not he was mirandized. Based upon the credible evidence in the record, the Court finds that Defendant was duly advised of his *Miranda* rights prior to his interrogation, and he knowingly agreed to talk with the police officers. He did not communicate in any discernible way a desire to consult with or have his lawyer present during his interrogation. Consequently, all statements made by Defendant during his interrogation are admissible.

ENTERED this 31st day of August, 2007.

s/ Joe B. McDade

JOE BILLY McDADE
United States District Judge